**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3430-15T3

NIURKA ALMONTE,

    Plaintiff-Respondent,

v.

YEURIS M. ULLOA TINEO,

    Defendant-Appellant.

_____

Submitted August 1, 2017 — Decided August 9, 2017

Before Judges Hoffman and Currier.

On appeal from the Superior Court of New
Jersey, Law Division, Passaic County, Docket
No. SC-0125-16.

Leary Bride Tinker & Moran, PC, attorneys for
appellant (Frank D. DeRienzo, of counsel and
on the briefs).

Santo J. Bonanno, attorney for respondent.

PER CURIAM

    Defendant Yueris Ulloa-Tineo appeals from the March 4, 2016

order entered following a bench trial in the Special Civil Part.

Because we find that the judge erred in admitting the police report

without redaction or testimony, and incorrectly applied several principles of evidence and law, we reverse.

Defendant was involved in an automobile accident with several other vehicles, including one owned by plaintiff Niurka Almonte. As a result of the property damage incurred to her car, plaintiff filed a complaint in the Special Civil Part seeking $2695 from defendant.[1]

Plaintiff presented testimony on her own behalf at trial. She stated that her car had been parked at the time of the collision, and she had not seen the incident. However, she sought to introduce a police report into evidence in which the investigating police officer attributed fault for the accident to defendant in a narrative containing information from unidentified witnesses. Over defendant's objection, the judge admitted the report into evidence stating, "[I]t's just a diagram and . . . there [are] no oral or written statements that are attached to this in any way. It's just a police report. It's a public document."

---

[1] Plaintiff presented an estimate of $3745. She testified that she had received a check from defendant's insurance company of $1050 as reimbursement for her property damage. The insurer had prorated its $5000 property damage limits among the three claimants. Plaintiff therefore sought the balance of $2695 in her suit.

A-3430-15T3

Defendant testified that as he was traveling through an intersection with a green light, he was struck by another vehicle on his passenger side which had come through a red light. The impact caused his car to strike two other vehicles, including plaintiff's parked car.

Defendant requested a dismissal of plaintiff's complaint as she had presented no proofs of negligence on his part and could not contradict his testimony that he had the green light in his favor.

In an oral decision, the judge ruled in favor of plaintiff. In relying on Dolson v. Anastasia, 55 N.J. 2 (1969), the judge stated that "the driver of a vehicle has to maintain control over his vehicle especially when one car is stationary which is what we have here." Since defendant was unable to regain control of his car after he was struck by another vehicle, the judge found that defendant was responsible for the damages incurred to plaintiff's car. She reasoned that plaintiff was entitled to recover from the driver who had struck her; it was "defendant's responsibility to go get indemnification from all of these other people that he says caused this loss of control in his car."

The judge also considered the letter and check sent to plaintiff by defendant's insurer and concluded that the insurer had proffered its property damage policy limits because it had

determined that defendant's car was responsible for the accident. Judgment was entered for $2695.

On appeal, defendant argues that the judge (1) erred in admitting the police report into evidence; (2) misapplied the principles of Dolson; and (3) erred in considering the check issued by his automobile insurer as an admission of liability.

We review the evidential rulings of the introduction of the police report and the insurer's settlement check under an abuse of discretion standard. Hisenaj v. Kuehner, 194 N.J. 6, 12 (2008). A judgment based on an evidentiary error should be reversed if it is found to be "clearly capable of producing an unjust result." Green v. N.J. Mfrs. Ins. Co., 160 N.J. 480, 502 (1999).

Under most circumstances, absent an allegation of untrustworthiness, a routine police report prepared by the investigating police officer as part of his regular course of duties is admissible as a business record under N.J.R.E. 803(c)(6) and as a public record, N.J.R.E. 803(c)(8). However, the court must scrutinize any hearsay statements contained within the report and determine whether the statements are separately admissible under a hearsay exception. A police officer's diagram of the accident is not based on the officer's personal observations of the incident; it is derived from what another person has told the officer occurred. The narrative is either inadmissible embedded

4

hearsay of witnesses to the events or an inadmissible expert opinion of the officer. See Manata v. Pereira, 436 N.J. Super. 330 (App. Div. 2014).

Here, plaintiff did not witness the events that led to the damage to her car. She had no personal knowledge of what had occurred in the intersection or thereafter. She, therefore, relied on a narrative contained in a police report as substantive evidence to support her claim of defendant's negligence. Without any testimony by the author of the report or the witnesses themselves, this narrative was inadmissible hearsay and the trial court misapplied its discretion in permitting its introduction as substantive evidence.

It was also a mistaken exercise of discretion for the judge to consider the settlement check tendered by defendant's insurer as evidence that defendant was negligent and responsible for the accident. Under N.J.R.E. 408, "offers of compromise or any payment in settlement of a related claim, shall not be admissible to prove liability for . . . or amount of the disputed claim." Although the settlement check might be considered for purposes of adjusting the damages award to which plaintiff might be entitled, it may not be considered as determinant of defendant's liability. See Leslie Blau Co. v. Alfieri, 157 N.J. Super. 173 (App. Div.), certif. denied, 77 N.J. 510 (1978).

The admission of these documents clearly had the capacity to influence the outcome of the trial. Plaintiff had no personal knowledge of the events but instead relied on the hearsay contained in the police report and the settlement letter as her only proofs of defendant's negligence. Accordingly, we are constrained to reverse the judgment and remand for a new trial.[2]

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] In light of our decision, it is not necessary for us to address at length defendant's argument regarding the judge's reliance on Dolson, supra, to support her entry of judgment against defendant. We are confident that, on remand, the trial judge will properly apply the principles of proximate cause required in a negligence case.

A-3430-15T3